Tucker, Judge.
The single question is, Whether the chancellor could, upon the same facts, change the decree of this court ? The case of White v. Atkinson, 2 Call, 376, decides that he could not; and I approve of that decision. It makes no difference, that it does not appear that the mistake was noticed at the time of affirming the former decree; for the point was fairly presented upon the record; and it cannot be admitted that the court did not advert to it. A *117 contrary doctrine would overthrow the whole theory of the law; which supposes every thing contained in the record to have been decided on ; and has wisely established the rule that interest reipublica res judicatas non rescindi. For I cannot conceive of any thing more inconvenient to society, than a power in the courts below to reverse and alter the solemn judgments of the supreme tribunal, as controversies would then be perpetual, and suits become interminable. I think therefore that the principle established, in the case of White v. Atkinson, ought to be adhered to; and consequently that the decree ought to be reversed.
Roane, Judge,
was of opinion that the decree should be reversed.
Carrington, Judge.
White v. Atkinson, was a similar case; and there it was decided, that the court of chancery could not, upon the same facts, alter the decree of this court; which decision ought to be adhered to: or there will be no end to controversies; and parties will never be certain as to the result of the suit.
Per Cur. Reverse the decree.